ELLEN F. ROSENBLUM
Attorney General
SHANNON M. VINCENT  #054700
Senior Assistant Attorney General
NATHANIEL AGGREY #172283
Assistant Attorney General
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Shannon.M.Vincent@doj.state.or.us
          Nathaniel.Aggrey@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RAFAEL MORA-CONTRERAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. WILSON, ET AL.,<br><br>　　　　Defendants. | Case No.  2:18-cv-00390-HZ<br><br>NOTICE OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE |

Pursuant to ORS 17.095(3), defendants notify the Court that this action has been settled pursuant to the terms of the Settlement Agreement and Release of Claims ("Agreement"), a copy of which is attached as *Exhibit 1*.

/ / /

Page 1 -    NOTICE OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE
    SMV/jm8/10349431-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), and as evidenced by the stipulation in paragraph 2 of the Agreement, plaintiff agrees to dismiss this action with prejudice.

DATED August 25, 2020.

                                      Respectfully submitted,

                                      ELLEN F. ROSENBLUM
                                      Attorney General

                                      *s/ Shannon M. Vincent*
                                      SHANNON M. VINCENT  #054700
                                      Senior Assistant Attorney General
                                      NATHANIEL AGGREY  #172283
                                      Assistant Attorney General
                                      Trial Attorneys
                                      Tel (503) 947-4700
                                      Fax (503) 947-4791
                                      shannon.m.vincent@doj.state.or.us
                                      nathaniel.aggrey@doj.state.or.us
                                      Of Attorneys for Defendants

Page 2 -   NOTICE OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE
          SMV/jm8/10349431-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims is made effective as of the date it is fully executed, by and between Rafael Mora-Contreras, the State Defendants (as defined below), and the State of Oregon (the "State") (collectively, "the Parties"). The Effective Date of this Settlement Agreement is the date by which it has been signed by all signatories below.

## RECITALS

A.      Plaintiff Rafael Mora-Contreras ("Mora-Contreras" or "Plaintiff") has filed the following action, which is currently pending in the United States District Court for the District of Oregon: *Mora-Contreras v. Wilson, et al.*, U.S. District Court of Oregon Case No. 2:18-cv-00390-HZ ("Action"). The State Defendants in the Action are Sara Bevington, Mandi Perry, Christy McMillen, Sherry Isles, Sirena Deacon, Kevin Jackson, Troy Bowser, Arnell Eynon, Lavelle Braun, and Mark Nooth (the "State Defendants").

B.      Plaintiff is represented by Maya Rinta and Jessica Ashlee Albies. The State Defendants are represented by Shannon Vincent and Nathaniel Aggrey, Assistant Attorneys General.

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, including the promises contained in this Settlement Agreement, the receipt and sufficiency of which is hereby acknowledged, Plaintiff, the State Defendants, and the State agree as follows:

**1.      Settlement Payment.** Within thirty (30) days of the Effective Date of this Agreement, the State shall pay Plaintiff the sum of THIRTY THOUSAND DOLLARS ($30,000) ("Settlement Payment"). The Settlement Payment will be in the form of a check from the State of Oregon made payable to Albies & Stark, LLC. The State shall send the check to:

Maya Rinta
Albies & Stark, LLC
1 SW Columbia St., Suite 1850
Portland, OR 97204

2.      **Dismissal with Prejudice of *Mora-Contreras v. Wilson, et al*.**  Plaintiff agrees to dismiss *Mora-Contreras v. Wilson,, et al.*, U.S. District Court of Oregon Case No. 2:18-cv-00390-HZ, with prejudice and authorizes defense counsel to file a stipulated notice of dismissal with prejudice in the case.

3.      **Release of liability and claims.** In exchange for the consideration described in Paragraph 1, Plaintiff agrees to release, acquit, and forever discharge State Defendants and the State of Oregon, and all those in interest with them, including their heirs, successors, trustees, administrators, assigns, officers, current and former employees, attorneys, insurers, agents, firms, state or federal agencies, departments, institutions or corporations (the "Released Parties"), from any and all claims arising out of or relating **to the claims that are the subject of *Mora-Contreras v. Wilson, et al.*, U.S. District Court of Oregon Case No. 2:18-cv-00390-HZ**, including but not limited to all tort claims, grievances, demands, actions, suits, causes of action, obligations, controversies, debts, costs, attorney fees, expenses, all form of damages, damages, losses, judgments, orders, liens and liabilities of any, every and whatever kind or nature, whether in law, equity, or  otherwise, whether based in contract, tort, statute, regulation, tariff, rule, indemnification, contribution, or any other theory of recovery, whether known or unknown, whether suspected or unsuspected, and whether or not concealed or hidden, which have existed or may have existed, or which do exist or which hereafter shall or may exist, based on any facts, events, or omissions that in any manner or fashion relate to or arise out of any acts or omissions by the Released Parties relating in any way to the events described in plaintiff's complaint filed in the action cited in paragraph 2.  This includes any and all of Plaintiff's damages, including any damages, injuries and claims which are not anticipated or which develop in the future.  It also includes any claim arising from the negotiation and execution of this Agreement, including fraud in the inducement.  This release does not apply to any other claims currently pending in state or federal court or claims arising after the date this agreement is executed.

4.      **Denial of Tort Claims.**  Plaintiff acknowledges that any Notice of Tort Claim submitted to DAS that relates to or arises out of any acts or omissions by Released Parties

relating to the claims that are the subject of *Mora-Contreras v. Wilson, et al.*, U.S. District Court of Oregon Case No. 2:18-cv-00390-HZ, will be denied based on this Agreement.

    **5.**    **Cost of Care Exemption.**  The payment received by Plaintiff pursuant to this Agreement is exempt from the ODOC or any other state agency's "cost of care" rule.

    **6.**    **Tax Consequences.**  The Parties agree that no Party warrants or represents how the United States Internal Revenue Service ("IRS"), the Oregon Department of Revenue, or other governmental authority will treat the payment described in paragraph 1 for tax purposes, and agree that no further payment of money to the State will be due in the event that the payments embodied in this Agreement or any portion thereof is found by the IRS, the Oregon Department of Revenue, or other governmental authority to be, or result in, taxable income to any Party.  The State of Oregon, as part of its reporting requirements, may have to communicate with the IRS, including submitting IRS form 1099.  The State of Oregon reserves the right to respond to inquiries by said authorities and to make any additional disclosures requested by the governmental authority or as required by law.

    **7.**    **No Admission of Fault.**  Plaintiff maintains the validity of his claims, but understands and agrees that this settlement is not to be construed as an admission or proof of any liability or fault whatsoever on the part of State Defendants or any other officer, agent or representative of the State.

    **8.**    **Entire Agreement.**  This Agreement contains and constitutes the entire agreement and understandings of the Parties and supersedes as of the execution date all prior negotiations, discussions, undertakings or agreements made in arriving at this agreement.  There are no representations, agreements, or inducements except as set forth expressly and specifically in this Agreement.

    **9.**    **Amendments in Writing.**  This Agreement may only be amended or modified by a written instrument that has been executed by the Parties and that unequivocally indicates the Parties' intention to modify this Agreement.  No waiver of any breach of this Agreement shall be

construed as an implied amendment or agreement to amend or modify any provision of this Agreement.

10. **Construction.** Words used in the Agreement of any gender shall be construed to include any other gender where appropriate. Words used in this Agreement that are either singular or plural shall be construed to include the other where appropriate.

11. **Captions and Headings.** The Parties agree that the captions and headings contained in this Agreement are for convenience only and shall not be deemed to constitute a part of this Agreement.

12. **Multiple Counterparts.** This Agreement may be executed in multiple counterparts, any and all of which may contain the signatures of less than all the Parties and all of which shall be construed together as a single document. Each counterpart shall be fully effective as an original when all of the Parties have executed this Agreement. Such counterparts may also be executed by facsimile signature.

13. **No Waiver.** The failure by any of the Parties to this Agreement to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement or a course of dealing between the Parties, shall not be a waiver of such terms or conditions or of such Party's right thereafter to enforce each and every term and condition of this Agreement.

14. **Invalidity.** If any provision contained in this Agreement shall for any reason be held to be invalid, illegal, void, or unenforceable in any respect, such provision shall be deemed modified so as to constitute a provision conforming as nearly as possible to such invalid, illegal, void, or unenforceable provision while still remaining valid and enforceable; and the remaining terms or provisions contained herein shall not be affected thereby.

15. **Knowledge and Understanding.** Plaintiff hereby declares that he read, understands, and voluntarily accepts the terms of this Agreement. Each Party represents that they have read this Agreement, understand its terms and enter into it freely, voluntarily, and knowingly.

16.     **Authority to Execute.** The signatories to this Agreement represent and warrant that they have full authority, express, implied and apparent to enter into this Agreement and to bind all of those who they sign for.

**SIGNED BY PLAINTIFF:**

_____     DATE: 8-11-2020
RAFAEL MORA-CONTRERAS
Plaintiff

**SIGNED BY COUNSEL FOR STATE DEFENDANTS:**

_____     DATE: 8-25-2020
SHANNON VINCENT
Senior Assistant Attorney General
Attorney for Defendant

5